UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN LAWSON,

       Plaintiff,

                                 CASE NO. 14-12978
v.                              HON. JOHN CORBETT O'MEARA

DESIREE M. FERGUSON,

       Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

      This is a *pro se* civil rights action under 42 U.S.C. § 1983.  Plaintiff

John Lawson is a state prisoner at Bellamy Creek Correctional Facility in

Ionia, Michigan.  Defendant Desiree M. Ferguson was an attorney

employed by the State Appellate Defender Office during the time in

question.

      The complaint and exhibits indicate that, in 2001, Plaintiff was

charged with first-degree murder.  His trial attorney initially questioned

whether Plaintiff was criminally responsible for the murder due to his

mental state at the time of the crime.  As a result, the attorney obtained a

court order appointing an independent psychiatric expert to interview

Plaintiff.  Plaintiff claims that there was no independent examination before trial.  His trial attorney, nevertheless, maintained that Plaintiff had been examined by an independent expert and had been found criminally responsible and competent to waive his constitutional rights.  As a result of these findings, the attorney abandoned an insanity defense.  On October 30, 2002, Plaintiff was found guilty as charged, and on November 13, 2002, he was sentenced to mandatory life imprisonment.

Ms. Ferguson was appointed to represent Plaintiff on appeal from his conviction.  Plaintiff allegedly informed Ms. Ferguson that he had not been interviewed by an independent psychiatric expert.  Ms. Ferguson then agreed to investigate the matter.  According to Plaintiff, Ms. Ferguson also stated that, if Plaintiff did not see an independent psychiatric expert before trial, she would move for appointment of an independent psychiatric expert and Plaintiff would have to be examined by the independent expert. Ferguson maintained that these steps were necessary to prove that trial counsel was ineffective for failing to obtain an independent evaluation of Plaintiff's mental state at the time of the offense.

Ms. Ferguson's office ultimately paid a licensed psychologist to examine Plaintiff.  The examination, however, occurred after Ms. Ferguson

filed her appellate brief in Petitioner's case. Consequently, the appellate brief did not raise an issue about trial counsel's alleged failure to have Plaintiff examined by an independent psychiatric expert.

On August 12, 2004, the Michigan Court of Appeals affirmed Petitioner's conviction, and on August 13, 2004, an independent licensed psychologist interviewed Plaintiff. On September 7, 2004, the psychologist concluded in a written report that Plaintiff was not mentally ill and that he did not claim to be mentally ill at the time he committed the murder.

Plaintiff now claims that Ms. Ferguson failed to disclose to him that he should have been examined before trial, that she did not need a court order for an independent psychiatric examination, that she did not apply for the court order, and that she did not have a court order. He points out that he already had a court order for appointment of an independent expert and that Ms. Ferguson never attempted to obtain another order, opting instead to pay for the expert's services. Plaintiff further alleges that Ms. Ferguson misled him into thinking that trial counsel was not ineffective for failing to have him examined by an independent expert. Finally, Plaintiff claims that Ms. Ferguson herself was ineffective for having him evaluated for the insanity defense twenty-two months after he was convicted and for failing

to raise an appellate claim about trial counsel's ineffectiveness. Plaintiff seeks money damages and a declaratory judgment on the basis that Ms. Ferguson's acts and omissions caused him to suffer emotional distress, lost wages, damage to reputation, and a sentence of life imprisonment.

## II. Legal Standard

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must dismiss a prisoner's complaint if the Court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.  Analysis

Plaintiff's complaint is frivolous and fails to state a claim for which

relief may be granted because it challenges his state conviction and

sentence.  "[W]hen a state prisoner is challenging the very fact or duration

of his physical imprisonment, and the relief he seeks is a determination that

he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*

*v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus, Plaintiff's claims are

"cognizable only in federal habeas corpus, with its attendant requirement of

exhaustion of state remedies."  *Id.* at 499 n.14.

Furthermore,

to recover damages for allegedly unconstitutional conviction or
imprisonment, or for other harm caused by actions whose
unlawfulness would render a conviction or sentence invalid, a §
1983 plaintiff must prove that the conviction or sentence has
been reversed on direct appeal, expunged by executive order,
declared invalid by a state tribunal authorized to make such
determination, or called into question by a federal court's
issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim
for damages bearing that relationship to a conviction or
sentence that has *not* been so invalidated is not cognizable
under 1983.

5

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote

omitted)(emphasis in original).  *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is
> barred (absent prior invalidation) -- no matter the relief sought
> (damages or equitable relief), no matter the target of the
> prisoner's suit (state conduct leading to conviction or internal
> prison proceedings) -- "*if* success in that action would
> necessarily demonstrate the invalidity of confinement or its
> duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not shown that his conviction or sentence was

invalidated by state officials or called into question by a federal court on

habeas corpus review, and success on his claim about his former appellate

attorney would necessarily demonstrate the invalidity of his confinement.

Thus, his complaint is barred by *Heck* and *Dotson*.

The complaint is subject to dismissal for an additional reason.  To

prevail in a § 1983 action, a plaintiff must prove two elements:  "(1) that he

or she was deprived of a right secured by the Constitution or laws of the

United States; and (2) that the deprivation was caused by a person acting

under color of law."  *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

The sole defendant in this case was Plaintiff's court-appointed

6

appellate attorney.  Defense attorneys, even those appointed by the court, do not act under color of law when performing traditional functions as counsel to a defendant in a criminal proceeding.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys appointed by the court).  Thus, Ms. Ferguson is not a proper defendant in this lawsuit, and Plaintiff has failed to prove an essential element of a civil rights action under § 1983.

## IV.  Conclusion

Plaintiff's allegations lack an arguable basis in law and, therefore, are frivolous.  The allegations also fail to state a plausible claim for which relief may be granted.  Accordingly, the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  An appeal from this order would be frivolous and could not be taken in good faith.

s/John Corbett O'Meara
United States District Judge

Date:  August 19, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 19, 2014, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager